**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **TAMARA, L. M.[1]**, | Case No. 1:22-cv-877-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, | |
| Defendant. | |

Katherine L. Eitenmiller, WELLS, MANNING, EITENMILLER & TAYLOR PC, 474 Willamette Street, Eugene, OR 97401. Of Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Sathya Oum, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Tamara M. (Plaintiff) seeks judicial review of the final decision of the Commissioner of

the Social Security Administration (Commissioner) denying her application for Disability

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

Insurance Benefits (DIB) and Social Security Income (SSI). For the reasons discussed below, the Commissioner's decision is affirmed.

## STANDARD OF REVIEW

The decision of the administrative law judge (ALJ) is the final decision of the Commissioner in this case. The district court must affirm the ALJ's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the ALJ's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the ALJ. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the ALJ on a ground upon which the ALJ did not rely. *Id.*; *see also Bray*, 554 F.3d at 1225.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff protectively filed for DIB on September 26, 2019. AR 215-16. The

Commissioner's denial upon initial review states that Plaintiff filed for DIB on September 16,

2019. AR 83-84. This erroneous date was repeated throughout Plaintiff's documentation,

including in the ALJ's opinion. Plaintiff's DIB application states that Plaintiff did not intend to

file for SSI benefits. AR 215. On February 12, 2020, after Plaintiff's DIB claim was denied upon

initial review, Plaintiff's attorney notified the Commissioner that when Plaintiff applied on

September 26, 2019, she had intended to file for any and all disability benefits she may be

entitled to, including SSI benefits, and asked that Plaintiff's SSI application be expedited and

made concurrent with Plaintiff's DIB claim.[2] AR 133. Thus, when Plaintiff's claim was denied

upon reconsideration, the Commissioner denied both SSI and DIB applications, even though the

record does not contain any denial of SSI upon initial review. AR 120-21.

Thereafter, Plaintiff requested a hearing before an ALJ. AR 15. Before the hearing,

Plaintiff amended her alleged onset date to February 2, 2017. AR 318. Plaintiff alleged disability

because of cataplexy and narcolepsy. AR 84-85. Plaintiff was born on February 7, 1963. AR 215.

She was 53 years old on her amended disability onset date.

The ALJ held a telephonic administrative hearing on May 6, 2021. AR 15. Plaintiff

graduated high school and worked at Walmart for 14 years, as a retail associate and as a training

coordinator. AR 41-42, 57. She was let go from Walmart in December 2013 for "training

problems," but Plaintiff testified she was believed she was let go because her manager learned

---

[2] Plaintiff submitted an application for SSI on February 14, 2020. AR 219-25.

about her narcolepsy and cataplexy.[3] AR 40. On June 2, 2021, the ALJ issued a decision that

Plaintiff was not disabled under the Social Security Act. AR 15-25. The Appeals Council denied

Plaintiff's request for review on April 21, 2022. AR 1. The ALJ's decision is thus the final

decision of the Commissioner. Plaintiff seeks review of that decision.

## B.  The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are:

> (1) Is the claimant presently working in a substantially gainful
> activity? (2) Is the claimant's impairment severe? (3) Does the
> impairment meet or equal one of a list of specific impairments
> described in the regulations? (4) Is the claimant able to perform
> any work that he or she has done in the past? and (5) Are there
> significant numbers of jobs in the national economy that the
> claimant can perform?

*Keyser*, 648 F.3d at 724-25. Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4),

416.920(a)(4).

The claimant bears the burden of proof at steps one through four. *Bustamante v.*

*Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098

(9th Cir. 1999). The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d

---

[3] "Cataplexy is a sudden and uncontrollable muscle weakness or paralysis that comes on
during the day and is often triggered by a strong emotion, such as excitement or laughter."
*Murchison v. Comm'r of Soc. Sec. Admin.*, 2018 WL 1045072, at *1 n.2 (D. Ariz. Feb. 26, 2018)
(citation omitted).

at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Tackett*, 180 F.3d at 1099; *see Bustamante*, 262 F.3d at 954.

## C. The ALJ's Decision

As a preliminary step for Plaintiff's DIB claim, the ALJ found that Plaintiff met the insured status requirements of the Act through March 31, 2019. AR 18. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 2, 2017, her amended alleged onset date. *Id.* At step two, the ALJ found that Plaintiff has the following severe impairments: narcolepsy and cataplexy. *Id.* At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets the severity of one of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. AR 20.

The ALJ then found that Plaintiff had a Residual Functional Capacity (RFC) for light work, except that "she can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; and she must avoid all exposure to workplace hazards such as heights and heavy machinery." *Id.* At step four, based on Plaintiff's RFC and the testimony of an impartial vocational expert (VE), the ALJ determined that Plaintiff could perform her past relevant work as a "personnel clerk/retail sales clerk (composite job)." AR 24. As a result, the ALJ found Plaintiff "not disabled" as defined in the Act from her alleged onset date through the date of the ALJ's decision. AR 25. The ALJ did not reach step five.

**DISCUSSION**

Plaintiff argues that the ALJ erred by improperly discounting her subjective symptom testimony.

**A.  Applicable Law**

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, *available at* 2017 WL 5180304, at *6 (Oct. 25, 2017).[4] There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not

---

[4] Effective March 28, 2016, Social Security Ruling (SSR) 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because, however, case law references the term "credibility," it may be used in this Opinion and Order.

credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Consideration of subjective symptom testimony "is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029, at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for discounting the claimant's testimony are upheld. *See*

*Batson*, 359 F.3d at 1197. The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

## B.  Analysis

Plaintiff argues that the ALJ discredited her testimony solely because the ALJ concluded that the "medical findings do not support the extent of the limitation" testified to by Plaintiff. An ALJ may consider the lack of corroborating objective medical evidence as one factor in evaluating a claimant's testimony, but the ALJ may not reject testimony solely because it was not fully corroborated by the medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). But, contrary to Plaintiff's argument, that is not what the ALJ did here. Although her language could have been clearer, the ALJ also discredited Plaintiff's testimony because the ALJ concluded that Plaintiff's favorable response to her prescribed medications and her daily living activities undermined her testimony. *See* AR 23 (explaining that Plaintiff's "record shows that dextroamphetamine and venlafaxine adequately control her symptoms when taken as prescribed" and describing activities in the record that are inconsistent with Plaintiff's alleged limitations).

### 1.  Improvement with Treatment

Effective treatment may support an adverse credibility finding. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits"). As noted by the ALJ, Plaintiff's medical providers consistently noted that her cataplexy and narcolepsy were controlled by her medications. *See, e.g.*, AR 358 (Feb. 13, 2019 – Plaintiff reports regarding change in medications, "I think I'm all better"); AR 472 (Oct. 7, 2019 – "She was placed on venlafaxine for her cataplexy which actually worked quite well for a while but now she is having an increasing number of cataplexy attacks."); AR 502-03 (May 7, 2020 –

"Nothing has been more helpful for [cataplexy episodes] than the venlafaxine, but she wonders if something else may be better."); AR 536 (Nov. 18, 2020 – "extra venlafaxine in the afternoon is helpful but she is still feeling sleepy in the afternoons on a daily basis"); 527 (May 5, 2021 – "Her cataplexy/narcolepsy seems to be adequately controlled."). The ALJ's conclusion that Plaintiff's testimony was inconsistent with her positive to response to treatment is supported by substantial evidence and not in error.

## 2.  Daily Living Activities

Daily living activities may provide a basis for discounting subjective symptoms if the plaintiff's activities either contract his or her testimony or meet the threshold for transferable work skills. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Orn*, 495 F.3d at 639. For daily activities to discount subjective symptom testimony, the activities do not need to be equivalent to full-time work; it is sufficient that the plaintiff's activities "contradict claims of totally debilitating impairment." *Molina*, 674 F.3d at 1113.

The ALJ pointed to Plaintiff's activities as undermining her excessive sleepiness and cataplexy episodes. AR 23-24. Specifically, the ALJ noted that Plaintiff continues to do household chores, that she drives a couple of times of month, and leaves home several times a week to visit her mother. AR 23. Plaintiff and her husband also care for her nine-year-old grandson, who stays with them two nights a week. *Id.* The medical record supports the ALJ's reliance on Plaintiff's activities, particularly her continued driving. *See, e.g.*, AR 543 (stating that Plaintiff "denies trouble with sleepiness while driving"); AR 568 ("She denies sleepiness and driving. She denies cataplexy and driving."); *but see* AR 49 (Plaintiff testified that she had a cataplexy attack once while driving). The ALJ's conclusion that Plaintiff's testimony regarding her limitations from her cataplexy were inconsistent with her daily activities is supported by substantial evidence and not in error.

### 3.  Objective Medical Evidence

As noted, an ALJ may consider the lack of corroborating objective medical evidence as a "relevant factor in determining the severity of the claimant's" alleged symptoms. *Rollins*, 261 F.3d at 857. The ALJ may not, however, "discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *see also Robbins*, 466 F.3d at 883; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2), (noting that the Commissioner "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements"). The ALJ recited many instances in the medical record as not supporting various aspects of Plaintiff's testimony. This discussion was a relevant factor the ALJ could consider.

## CONCLUSION

The Court AFFIRMS the Commissioner's decision that Plaintiff was not disabled.

**IT IS SO ORDERED**.

DATED this 19th day of October, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge